HERMAN B. LEYNES, *Plaintiff in Error,* v. THE TAMPA FOUNDRY AND MACHINE COMPANY, A CORPORATION *Defendant in Error.*

PLEADING—DECLARATION MUST SHOW CAUSE OF ACTION.

A declaration in an action at law should, by direct allegation or by fair inference from its direct allegations, contain all the essentials of a cause of action. When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and should show that such injury was the proximate result of the negligence alleged. When in such case the declaration shows that the negligence it alleges was not the proximate cause of the injury complained of, a demurrer thereto is properly sustained.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Epps Tucker, Sr.,* for plaintiff in error;

*P. O. Knight,* for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below sued the defendant in error in the Circuit Court for Hillsborough County, the declaration in the case, omitting its formal parts, alleging as follows: "That the said defendant on the 16th day of September, A. D. 1906, employed the plaintiff to work for it in the capacity of and as a machinist in the machine shop of the defendant in the city of Tampa, Florida, for the sum of three dollars per day; at which employment the plaintiff was engaged and worked according to contract until the 17th day of October, 1906, at which time the foreman of said machine shop, one Paul Kreher, transferred the plaintiff, without his consent, from the machine shop to the boiler shop and directed him to run the boiler maker machine and cut boiler iron. The plaintiff then and there informed said foreman that he, the plaintiff, was not accustomed to that class of work, yet the said foreman directed him to go at it anyhow, but did not explain to the plaintiff the manner of operating said machine, nor the danger in working it, said machine being driven forward by power, but backed only by hand, and the gearing of which machine was not protected but exposed; neither did the foreman give the plaintiff any instructions how to operate said machine, or warnings as to its dangers. And the defendant knew, or ought to have known, the danger incident to the operation of said machine, but the plaintiff was without experience in operating such machines and did not know the danger involved in its operation. And

the defendant, by its said foreman, having put the plaintiff to work in said boiler shop with and upon the aforesaid machine in manner aforesaid, promised the plaintiff a reasonably safe place in which to work and reasonably safe machinery and appliances with which to work, but did not furnish the same, but put the plaintiff to work in the aforesaid boiler shop on the floor of which there was scrap iron in such quantity as rendered the place unsafe for a person lacking in experience in such work to operate the aforesaid machine in said boiler shop. And the defendant knew, or ought to have known, the danger in operating said machine in said boiler shop in the condition in which it then was, but the plaintiff being without experience in that line of work did not know the unsafe condition of the boiler shop. And notwithstanding the plaintiff made known to the defendant that he was without experience in that line of work, the defendant gave him no instructions or warnings against the special dangers in operating the machine, in said boiler shop, but directed him to go to it anyhow. And the plaintiff, being so ordered by the defendant, went to work as directed with the said machine in the defendant's said boiler shop, and while so working, on the 17th day of October, 1906, and when he had been at it only a short time, about thirty minutes, and without fault on the plaintiff's part his foot slipped on the aforesaid scrap iron on the floor of the said boiler shop causing the plaintiff to fall, and in falling his left hand was caught in the gearing of the aforesaid machine and part of three fingers were mashed off, whereby he suffered great and excruciating pains and still suffers, and by reason of the said injury he has been ever since and still is unable to work, and has been compelled to expend large sums of money for medicine and medical attendance and is maimed for life and rendered unable

to earn full wages at his vocation. And by reason of the defendant's default and negligence as aforesaid the plaintiff has sustained loss and damage to the amount of thirty-three hundred dollars."

To this declaration the defendant demurred, as not stating a cause of action against the defendant. This demurrer was sustained, and final judgment entered thereon in favor of the defendant, and to have this ruling reviewed the plaintiff brings it here by writ of error.

We do not think there was error in the court's ruling. While the declaration alleges that the plaintiff was without experience in working with a boiler making machine and that the defendant failed to notify him of the dangers incident to working such machine, yet the declaration shows on its face that such failure to instruct him as to its dangers, and that his inexperience in working with such machines were in no way contributory to his injury. The declaration further states that the place where he was put to work was not safe because on the floor thereof there was an accumulation of scrap iron. This accumulation of scrap iron on the floor was perfectly obvious to the plaintiff when he went in there to work, and if its presence there rendered the place unsafe or dangerous to work in, the plaintiff was a free agent and should have refused to work there, but on the contrary he voluntarily assumed the work and with it all patent dangers connected therewith.

In the case of German-American Lumber Co. v. Brock, 55 Fla. 557, 46 South. Rep. 740, we said: "A declaration in an action at law should, by direct allegation, or by fair inference from its direct allegations, contain all the essentials of a cause of action. When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and of facts show-

ing that such injury was a proximate result of this negligence alleged."

The declaration, according to our view, shows that the injury to the plaintiff was the result purely of his accidentally or carelessly slipping over scrap iron on the floor, that was perfectly obvious to him, and that could have been avoided had due care been exercised by him, and that this accident was in no way the result of his inexperience with the boiler machine, nor did it result from the failure of the defendant to instruct the plaintiff in the use of such machine, or as to its dangers.

Finding no error the judgment of the court below in this cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.