E. E. PERKINS, AS ADMINISTRATOR OF THE ESTATE OF LU-
CIAN A. SPEIR, DECEASED, *Plaintiff in Error,* v. MORGAN
LUMBER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed December 22, 1914.

DEATH BY WRONGFUL ACT—PROXIMATE CAUSE—ASSUMP-
TION OF RISK—PLEADING EVIDENCE.

1. Where a declaration in a suit for damages for the death of
   an employee of a saw mill company, shows upon its face
   that the occurrence by which the deceased lost his life was
   the result of an unavoidable accident for which the defend-
   ant mill company was in no way responsible, a demurrer to
   such declaration is properly sustained.

2. The declaration in a suit for damages for the death of an em-
   ployee of a saw-mill company showed upon its face that such
   employee while holding the position of lumber inspector in
   and about the saw-mill of the defendant company, and while
   standing beside a revolving platform designed and used for
   conveying timber or logs to a revolving circular saw by it
   to be cut in two, had his foot to slip and fell upon such re-
   volving platform and was by it projected upon such revolving
   circular saw and thus lost his life. Such declaration also ex-
   pressly alleged that this slipping and falling by the deceased
   was unavoidable and without any default on the defendant's
   part. *Held*: That this slipping and falling by the deceased
   was the proximate cause of his injury, and not the exposed or
   unguarded condition of such saw, and that the defendant was
   not liable therefor: *Held* further, That the deceased being
   employed in a responsible capacity in and about such saw-
   mill, and being familiar with the positions, working and con-
   nections of the different implements and machinery there in
   use that were patently obvious, must have known that if he
   permitted his body to get upon and remain upon such revolv-
   ing platform that it would inevitably project him upon such
   revolving saw, and that it would result in his very great or
   fatal injury. and that by accepting and continuing in the em-

ployment of the defendant mill company with full knowledge of the patent dangers there surrounding him, he assumed such obvious risks, and the defendant is not liable for the injury that resulted in his death.

3. A saw-mill company, engaged in converting timber into merchantable lumber, is not under any legal duty either to its employees or the public generally, nor is it practically possible for them to keep all of the saws necessary to their business either covered in or guarded against cutting into any object that may accidentally come in contact with them.

4. Where a party suing for damages for the death of another, undertakes to make photographs of the alleged scene of the tragedy a part of his declaration, such photographs and all averments connecting them with the case, are properly stricken on motion, as it is contrary to all established rules for a party to thus plead his evidence, particularly so when to become admissible as evidence the matter so pleaded requires identification and authentication by some witness under oath and subject to cross-examination.

Writ of error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*A. H. & Roswell King,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in Error.

TAYLOR, J.—The plaintiff in error as plaintiff below sued the defendant in error as defendant below in the Circuit Court of Duval County. The first amended declaration in the case alleged as follows: "That plaintiff has been duly constituted and appointed administrator of the estate of Lucian A. Speir, deceased, by the Probate Court in and for Duval Conty, Florida, then and therein having juris-

diction in the premises, and as such has duly qualified before such court; that at the time of the decease of Lucian A. Speir, he left no widow and no child and no person dependent upon him for support.

That the defendant corporation on the 17th day of February, 1913, and for a long time theretofore was the owner and operated a certain saw mill in the County of Duval and State of Florida; that at said mill of defendant, at the time and place hereinafter alleged, there was a conveyor which carried lumber and fed it to a saw located at the lower end of said conveyer; and plaintiff alleges that his decedent was, at said time and place employed by said defendant in and about said saw mill, and that on said date, to-wit, the 17th day of February, 1913, deceased, while then and there in the performance of his duties of said employment, accidentally lost his footing and fell upon said conveyor and rolled down and along it to and upon the said saw located as aforesaid, thereby so greatly wounding, bruising and injuring said deceased, Lucian A. Speir, that he died from and as the result of the said injuries, inflicted as aforesaid; and plaintiff alleges that defendant was guilty of negligence in the premises in this to-wit: that it failed to provide a sufficient guard or shield to cover said saw for the protection of deceased and other employes similarly situated as it was the duty of defendant to provide in the premises, from its dangerous effects; and plaintiff alleges that said dangerous condition was known, or should have been known to defendant in the exercise of reasonable care and diligence; that it failed in the premises to provide a safe place for decedent and other employes to work; that defendant failed to equip its said mill with modern and improved machinery for the protection of deceased and its other employes. And plaintiff alleges that by reason of the

death of the said Lucian A. Speir, he has sustained damages in the sum of Fifty Thousand ($50,000.00) Dollars; wherefore plaintiff brings this suit and claims Fifty Thousand Dollars damages of defendant."

To this amended declaration the defendant demurred on the following grounds:

"*1st*:  Said declaration is vague, indefinite and uncertain.

*2nd*:  Said declaration affirmatively shows that the alleged injury was the result of an accident.

*3rd*:  Said declaration shows that the proximate cause of the alleged injury was the accidental losing of the deceased's footing and falling upon the said conveyor.

*4th*:  Said declaration shows no breach of duty on the part of the defendant.

*5th*:  It does not appear from said declaration that decedent was acting within the scope of his employment at the time of the alleged injury.

*6th*:  It affirmatively appears from said declaration that at the actual time of the alleged injury complained of, the deceased was acting without the scope of his employment.

*7th*:  Said declaration affirmatively shows that the proximate cause of the alleged injury was not the alleged negligence of the defendant.

*8th*:  Said declaration affirmatively shows that the proximate cause of the alleged injury complained of was the negligence of the deceased.

*9th*:  It does not appear in and by said declaration that the said saw could have been shielded or covered as to protect employes from its alleged dangerous effects.

*10th*:  It affirmatively appears that the alleged dangers were open, patent and obvious, and plainly and easily ascertainable to deceased.

*11th*: There was no obligation on the part of defendant to guard against injury to the deceased or other employes who 'fell upon said conveyor and rolled down it to and upon the said saw.'

*12th*: It does not appear that the alleged breaches of duty were or that any of them was the proximate cause of the alleged injury complained of.

*13th*: The declaration alleges an improper standard or degree of duty owing by the defendant to the plaintiff's decedent.

*14th*: It affirmatively appears that the deceased by his negligent acts contributed proximately to his own injury.

*15th*: This declaration fails to set forth facts sufficient to show the defendant guilty of the negligence complained of.

*16th*: It does not appear that the deceased was necessarily or properly in the place or position from whence he fell upon the said conveyor.

*17th*: The cause of the death of the deceased is not sufficiently shown.

*18th*: It does not appear that a shield or cover for the said saw was necessary for the safety of the deceased while performing his duties as a lumber inspector.

*19th*: It does not appear how or in what way the plaintiff has sustained the damages alleged."

This demurrer was, after argument, sustained by the court below with leave to the plaintiff to amend. The plaintiff then filed his second amended declaration alleging therein as follows:

"That the plaintiff has been duly constituted and appointed administrator of the estate of Lucian A. Speir, deceased, by the Probate Court in and for Duval County,

Florida, then and therein having jurisdiction in the premises, and as such has duly qualified before such court; that at the time of the decease of said Lucian A. Speir, he left no widow and no child and no person dependent upon him for support.

That the defendant corporation on the 17th day of February, 1913, and for a long time theretofore was the owner of and operated a certain saw mill in the County of Duval and State of Florida; that as part of said mill of defendant at the time and place hereinafter alleged, there was a conveyor constructed and used for the purpose of carrying lumber and feeding it to a butting saw located at the lower end of said conveyor; and plaintiff alleges that his decedent was at said time and place employed by said defendant in and about said saw mill, and that on said date, to-wit, the 17th day of February, 1913, deceased, while then and there in the performance of his duties in the said employment, fell upon said conveyor and was carried down and along it to and upon the said saw located as aforesaid, by reason whereof deceased was so greatly wounded, bruised and injured that he, on or about said day died from and as a result of said injuries inflicted as aforesaid; and plaintiff says that said fall was occasioned by circumstances unforeseen and unforeseeable to and by decedent while in the performance of his duties to and for the defendant and without the negligence of deceased or the defendant; that said fall was occasioned by circumstances in the premises which were not foreseen nor apprehended by deceased in the exercise of due care and caution; that deceased was, at the time of said unforeseen and unforeseeable fall in the performance of his duties engaged in attending to the passage of lumber along said roller bed at or about the place where the figure of a man is seen standing in

Photograph Number 1, herewith filed as part hereof, and walking or standing on the unobstructed floor of the mill where no danger could be or was foreseen or apprehended by deceased, and where there was no danger to deceased in the performance of his duties to defendant. And plaintiff alleges that defendant was guilty of negligence in the premises, in this, to-wit: that it failed to provide a sufficient guard or rail to cover said saw for the protection of deceased and other employes similarly situated in the premises from its dangerous effects, as it was in duty bound to do in the exercise of due care and caution for the safety and protection of deceased and other employes similarly situated; and plaintiff alleges that said dangerous condition was known by defendant, or should have been known to the defendant in the exercise of reasonable care and diligence for the safety and protection of the deceased and other employes similarly situated. And plaintiff alleges that defendant failed in its duty in the premises to provide then and there a reasonably safe place for decedent and other employes similarly situated to perform the duties of their employment to defendant, but on the contrary, defendant carelessly and negligently left its said saw exposed, to-wit, sixteen inches beyond and outside of any barrier or guard whatever as appears by and from two photographs of said saw and its arrangement herewith filed and made a part of this declaration, the same as if embodied herein, numbered respectively 1 and 2, said saw so appearing on said photographs at the words written thereon in quotations 'saw'; and plaintiff alleges that had the guard or barrier extended to or beyond or throughout the circumference of said saw, that such injuries would not have been inflicted upon the deceased, from the result of which he died as aforesaid; and plaintiff alleges that modern, adequate, customary or

up-to-date construction in the premises required defendant to so construct said saw and its incident machinery that said saw ought, in the exercise of due care and caution by defendant to have been protected by a barrier guard or inclosure extending throughout the exposed face or breadth of said saw or by so arranging said saw that in its operation it would have disappeared below said roller bed as defendant had provided at all other places along said roller bed for the safety of its employes as will be seen by reference to photographs marked 3 and 4 herewith filed and made a part hereof the same as if embodied herein, the saw in Number 3 showing as raised in Number 4 as having disappeared below the surface of said roller bed where it is free from all danger. But plaintiff alleges that defendant failed to so construct or arrange its said machinery and the saw which caused the death of the deceased as will appear from said photographs 1 and 2.

And plaintiff alleges that by reason of the death of the said Lucian A. Speir, he has sustained damages in the sum of Fifty Thousand ($50,000.00) Dollars; wherefore plaintiff brings his suit and claims Fifty Thousand ($50,000.00) Dollars damages of defendant."

To this second amended declaration the defendant again demurred upon the same grounds as set forth in the demurrer above to the first amended declaration. This demurrer was, after argument, also sustained by the Circuit Judge. The defendant also moved to strike certain parts of the second amended declaration as follows:

"Comes now the defendant and moves the court for an order requiring the plaintiff to strike from its declaration the portions thereof hereafter stated, the said portions being so framed as to prejudice, embarrass and delay the fair trial of the action.

Plaintiff first moves to strike the four photographs numbered one to four inclusive, filed with the declaration and by reference made a part thereof, upon the following grounds:

1st. Each of said photographs shows and contains much that is not relevant to the supposed cause of action sued upon.

2nd. Neither of the said photographs has been properly or suffifficiently identified.

3rd. By attempting to make the said photographs a part of the said declaration, the plaintiff is merely seeking to plead his evidence.

4th. If the photographs or any of them are allowed to remain a part of the declaration, the plaintiff might thus get before the jury without proper authentication or identification matters and things that amount to mere evidence, without giving defendant opportunity to object thereto.

5th. It is not sufficiently shown that the physical conditions portrayed by the said photographs or any of them are as they existed at the time of the accident.

6th. Photographs three and four are invoked in the attempt to limit the defendant to one method or arrangement of its machinery, which is an effort to impose upon the defendant an improper standard or degree of duty.

Defendant further moves the court for an order requiring the plaintiff to strike from his declaration the portions thereof hereafter stated, the same being so framed as to prejudice, embarras the fair trial of this action.

The words—'At or about the place where the figure of a man is seen standing in photograph No. 1 herewith filed as a part hereof.'

The words—'As appears by and from two photographs the said saw and its arrangements herewith filed as and

made a part of this declaration, the same as if embodied herein, numbered respectively one and two, said saw so appearing on said photographs at the word written thereon in quotations 'Saw.'

The words—'Or by so arranging saw that in its operation it would have disappeared below said roller bed as defendant had provided at all other places along said roller bed for the safety of its employes, as will be seen by reference to protographs three and four herewith filed and made a part hereof, the same as if embodied herein, the saw in No. 3 showing as raised and in No. 4 as having disappeared below the surface of said roller bed where it is free from all danger. But plaintiff alleges that defendant failed to so construct or arrange its said machinery and the saw which caused the death of the deceased, as will appear from said photographs one and two.'

Grounds of Motion:

1st.  The words, phrases and allegations sought to be stricken are immaterial and irrelevant to the supposed cause of action sued upon.

2nd.  It is sought by the language objected to, to subject the defendant to an improper standard or degree of duty owing to the plaintiff's decedent or other employee.

3rd.  By the last collection of words sought to be stricken, plaintiff attempts to limit the defendant to one particular method or arrangement of its machinery, which if allowed, would subject the defendant to improper standard or degree of duty owing to its employes."

This motion was also granted by the Circuit Judge. Thereafter the plaintiff declining to further amend his declaration final judgment upon the demurrer to the declaration was entered in the defendant's favor. For review of this judgment the plaintiff below brings the case

Perkins v. Morgan Lumber Co.—Opinion of Court.

here by writ of error. The rulings of the court below sustaining the demurrers to the first and second amended declaration, and granting the motion to strike certain parts of the second amended declaration and the entry of final judgment on the last demurrer, are assigned as error.

There was no error in any of these rulings. Both declarations show upon their face that the tragic occurrence by which the deceased intestate lost his life was the result of an unavoidable accident for which the defendant was in no way responsible. The deceased was an employee of the defendant company holding a position of responsibility in and about their milling works, familiar with the positions and workings and connections of the different implements and machinery that were patently obvious, and must have known that if he permitted his body to get upon and remain upon the revolving platform, designed and used for conveying stick of timber to a revolving circular saw by it to be cut in two, that such moving platform would inevitably project him upon such revolving saw, and that it would result in his very great or fatal injury. And he assumed the obvious risks by accepting and continuing in the employment of the defendant with full knowledge of the patent dangers there surrounding him. The pith of the negligence alleged against the defendant company is that it negligently left or kept the saw that produced the death of the deceased openly exposed instead of having it covered in or guarded against cutting into objects accidentally exposed to its cutting edge, and that this negligence was the proximate cause of the fatal accident to the deceased. We do not understand that it is the legal duty of saw mill companies engaged in converting timber into merchantable lumber, owed either to their employes or to the public generally, or that it is practically possible for them, to keep all of

the saws necessary to their business either covered in or guarded against cutting into any object that may accidentally come in contact with them. And this supposed duty, assumed by the declaration to have been violated in this case, is one that does not in reality exist in law. Both declarations show upon their face that the proximate cause of the injury to the deceased was the fact of his accidentally slipping from his footing on the floor beside the moving carriage designed and used for conveying timber to the alleged exposed saw, and thereby being thrown upon such moving timber conveyor and by it being projected upon such revolving saw. If he had not accidentally slipped and fallen on the moving lumber conveyor he would not have met with any injury whatsoever. And yet this slipping and falling is alleged in the declarations to have been unavoidable and without any default on the defendant's part. That this accidental falling was the proximate cause of the injury to the deceased, see the following authorities: P. H. & F. M. Roots Co. v. Meeker, 165 Ind. 132, 73 N. E. Rep. 253; Crawford & McCrimmon Co. v. Gose, 172 Ind. 81, 87 N. E. Rep. 711; Leynes v. Tampa Foundry & Machine Co., 56 Fla. 488, 47 South. Rep. 918.

As to the ruling striking out from the second amended declaration those paragraphs thereof that undertook to exhibit four photographs of the mill where the accident was supposed to have occurred, as parts of the declaration, there was no error. At best these photos may have become evidence at the trial of the cause if properly identified and shown to be pertinent to any issue in the cause, but to permit them to be interjected into the case as part of the plaintiff's initial pleading was nothing more than an attempt on the plaintiff's part to plead his evidence, and thus to get it before the jury without the precedent step of proper identification and authentication by the oath

of some witness subject to cross-examination. It is contrary to all established rules for a party to plead his evidence in a cause particularly so when to become admissible as evidence the matter so pleaded requires identification and authentication by some witness under oath and subject to cross-examination.

The judgment of the court below in said cause is hereby affirmed, at the cost of the plaintiff in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.