ATLANTIC COAST LLNE RAILROAD. COMPANY, A CORPORA-
    TION, *Plaintiff in Error*, v. WARREN GARDNER.
        *Defendant in Error.*

Opinion filed March 29, 1919.

In an action by an employee against an employer to recover damages for personal injuries alleged to have been caused by a wreck of a train, and the provisions of Chapter 6521, Acts of 1913, are applicable, the plaintiff employee should allege facts showing negligence of the defendant that proximately caused the injury and prove facts showing at least *prima facie* negligence and injury proximately resulting therefrom as alleged, before the defendant is required to prove a defense; and the charges given in such a case that do not conform to the Statute may be reversible error.

20—Vol. 77.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Judgment reversed.

*Sparkman & Sparkman* and *W. A. Carter,* for Plaintiff in Error;

*J. W. Brady,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for personal injuries brought by Gardner, an employee, against the employer railroad company, the amended declaration alleges that defendant on December 31, 1913, "was operating a railroad and train of cars thereon" between stated points in this State; that on said date "this plaintiff while in the employment of said defendant and in the regular discharge of his duties was on a moving freight train on said defendant's road * * * when said freight train was wrecked and this plaintiff, by reason of said wreck was injured as follows: By the flying debris of said cars in leaving the track he was struck" and injured as stated; * * * "that said injuries were caused by the defective rolling stock of said train and defective roadbed of said defendant, the exact nature of which was and are unknown to this plaintiff and which he had no means of knowing, but were known or should have been known to the defendant." A demurrer to this declaration was overruled and verdict and judgment were rendered for the plaintiff. Defendant took writ of error.

If it be conceded that this declaration states a cause of action, negligence not being alleged, it is apparent from the charges given and duly excepted to, that the

trial court applied to the proceedings in this cause, Sections 3148, 3149 and 3150 of the General Statutes of 1906, instead of Chapter 6521, Acts of 1913, which latter statute became effective June 7, 1913, before this injury was received in December, 1913. There are differences in the statutes that materially affect the rights of the parties in this case.

Sections 3148, 3149 and 3150, which should be considered together, are as follows:

"3148. A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"3149. No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

"3150. If any person is injured by a railroad company by the running of the locomotives or cars, or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recov-

ery. No contract which restricts such liability shall be legal or binding."

Chapter 6521, Acts of 1913, is as follows:

"AN ACT to Fix the Liability of Persons, Firms and Corporations Engaged in Certain Hazardous Occupations in This State for Injuries to and Death of Their Agents and Employees in Certain Cases, and Exempting Money Due or Likely to Become Due on Account of Liability Growing Out of This Act from Garnishment, Execution and Other Processes, and to Declare Illegal and Void Contracts, Contrivances and Devices Relieving or Exempting Such Persons, Firms and Corporations from the Libility Prescribed by *This* Act.

*"Be it Enacted by the Legislature of the State of Florida:*

"Section 1. That this Act shall apply to persons, firms and corporations engaged in the following hazardous occupations in this State; namely, railroading, operating street railways, generating and selling electricity, telegraph and telephone businesses, express business, blasting, and dynamiting, operating automobiles for public use, boating, when boat is propelled by steam, gas or electricity.

"Sec. 2. That the persons, firms and corporations mentioned in Section one of this Act shall be liable in damages for injuries inflicted upon their agents and employees, and for the death of their agents and employees caused by the negligence of such persons, firms, and corporations, their agents and servants, unless such persons, firms and corporations shall make it appear that they, their agents and servants have exercised all ordinary and

reasonable care and diligence, the presumption in all cases being against such persons, firms and corporations.

"Sec. 3.  That the persons, firms and corporations mentioned in Section one of this Act shall not be liable in damages for injuries to their agents and employees, or for the death of such agents and employees, where same is done by their consent, or is caused by their own negligence.  If the employes or agents injured or killed, and the persons, firms and corporations mentioned in Section one of this Act, or their agents and employes are both at fault, there may be recovery, but the damages shall be diminished or increased by the jury in proportion to the account of default attributable to both, provided that damages shall not be recovered for injuries to an employe injured in part through his own negligence and in part through the negligence of another employe, when both of such employes are fellow servants, where the former and the latter are jointly engaged in performing the act causing the injury and the employer is guilty of no negligence contributing to such injury.

"Sec. 4.  That the doctrine of assumption of risk shall not obtain in any case arising under the provisions of this Act, where the injury or death was attributable to the negligence of the employer, his agents or servants.

"Sec. 5.  That the writ of garnishment, execution or other processes shall not issue out of any court to reach any money due or likely to become due as damages under the provisions of this Act.

"Section 6.  That any contract, contrivance or device whatever, having the effect to relieve or exempt the persons, firms and corporations mentioned in Section One of this Act, from the liability prescribed by this Act, shall be illegal and void.

"Sec. 7. This Act shall take effect upon its becoming a law.

"Approved June 7, 1913."

The later statute supersedes the former one in so far as the two are in conflict. Chapter 6521 differs from the older statute in that it covers the liability of "persons, firms and corporations engaged in * * * railroading * * * in damages for injuries inflicted upon their agents and employes * * * caused by the negligence of such person," etc. While the quoted sections of the General Statutes make railroad companies liable for damage or injury done *"by the running of the locomotives, cars or other machinery* of such company, unless," etc. 'Chapter 6521 makes "persons, firms and corporations engaged in * * * railroading," etc., "liable in damages for injuries inflicted upon their agents and employes, * * * *caused by the negligence* of such persons, firms and corporations, unless," etc.

Under the quoted sections of the General Statutes negligence should be alleged, but upon proof of injury done by the running of the locomotives, etc., of a railroad company, the statute raises a presumption of negligence which the defendant is required to overcome by proofs. Section 2 of the later statute in effect restores to some extent at least in the cases to which it applies, the common law rule which requires the plaintiff to allege facts showing negligence and to prove facts showing at least *prima facie* negligence as alleged.

In this case to which the later act applies the court at the plaintiff's request gave one section of the former statute in a charge, and the other charges given are more in accord with the former statute than with Chapter

6521, which later act controls this case. On the whole record the application of the former statute instead of the later one appears to have been to the defendant's disadvantage.

It is perhaps not necessary to discuss other questions, but for the errors indicated, the judgment is reversed.

BROWNE, C. J. AND ELLIS AND WEST, J. J., concur.