FREDERICK W. LONG, *Plaintiff in Error,* v. G. W. PUGHS-
LEY, *Defendant in Error.*

Opinion Filed July 12, 1920.

PERSONAL INJURY ACTIONS—PATENT DANGERS
INCIDENT TO WORK NOT NECESSARY TO BE
POINTED OUT TO ADULT EMPLOYEE—EM-
PLOYER NOT AN INSURER OF EMPLOYEE
AGAINST INJURIES RESULTING TO LATTER
SOLELY FROM LATTER'S OWN CARELESS-
NESS AND NEGLIGENCE AND FROM NO
OTHER PROXIMATE CAUSE.

1.  Where all of the dangers incident to the performance of any
    kind of work are so obvious, patent, open and plain to any
    mentally normal adult, that no information, cautions or in-
    structions with reference thereto are necessary to be given
    to the adult employee doing such work to acquaint him
    therewith, it is not actionable negligence if the employer
    fails to give such cautions, information and instructions.

2.  The employer is not an insurer of his employee against in-
    juries resulting to the latter solely from the latter's own
    carelessness and negligence and from no other proximate
    cause.

A writ of error to the Circuit Court for Duval County,
Daniel A. Simmons, Judge.

Judgment reversed.

*Marks, Marks & Holt,* for Plaintiff in Error;

*A. H. & Roswell King* and *Bayard B. Shields,* for De-
fendant in Error.

TAYLOR, J.—The defendant in error, hereinafter referred to as the plaintiff, brought his action for damages for personal injuries against the plaintiff in error, hereinafter referred to as the defendant, in the Circuit Court of Duval County, and recovered judgment for $7,500.00 and the defendant by writ of error brings this judgment here for review.

The negligence alleged against the defendant in the first and third counts of the declaration (the second count being withdrawn and eliminated by the Court during the trial), is as follows:

"G. W. Pughsley, plaintiff, by A. H. King, Roswell King and Bayard B. Shields, his attorneys, in this first count of his declaration, sues Frederick W. Long, lately doing business as Clark Monument Company, defendant, for that on to-wit, the 5th day of September, A. D. 1916, defendant was the owner of and was operating, as Clark Monument Company, a certain stone and monument business, and was engaged in the construction of certain stone work around and over the northern entrance or doorway of a certain school house situated on the corner of Franklin and Seventeenth streets, near the City of Jacksonville, in Duval County, Florida; that on said day plaintiff was employed by defendant as a stone worker in and about the construction of the stonework over said doorway and was ordered by defendant to place and set up above the lintel of said doorway certain pieces of stone; that it then and there became and was the duty of defendant to use due care to furnish a reasonably safe place for plaintiff to work, and to furnish for doing said work reasonably safe and suitable instrumentalities, appliances, and materials; yet defendant, not regarding his duty in this behalf, wrongfully, negligently and carelessly

furnished to plaintiff to be used in said work a certain thin, fragile, insufficient and inadequate slab of stone about two inches thick and about sixteen inches high, which he ordered plaintiff to set up over the lintel of said doorway to hold up other pieces of stone to be placed on top of it; and wrongfully, carelessly and negligently furnished and ordered plaintiff to place on top of, over, upon and jutting out beyond said slab of stone certain other pieces of stone of great size and weight, to-wit, of the weight of four thousand pounds; that said thin and fragile slab of stone was inadequate and insufficient to hold up said other large and heavy pieces of stone which plaintiff was ordered to place on top of it in this, that said thin and fragile slab of stone, so carelessly and negligently furnished by defendant, was only about two inches thick and was of small bearing capacity, whereas a much thicker slab and a slab of much greater bearing capacity to-wit, a slab six inches thick would have been required to hold said other large and heavy pieces of stone up and to keep them from falling; that defendant by the exercise of reasonable care might have known, and did know, of the insufficiency, inadequacy and unsuitableness of said thin and fragile slab to hold up said large pieces or boulders of stone, but plaitniff did not know the same; that plaintiff then and there, as he was ordered, placed said slab of stone over the lintel of said doorway, and placed on top of, over and jutting out beyond it said large and heavy bounders of stone; that thereupon said slab and heavy pieces of stone, without fault on the part of the plaintiff, and because of the aforesaid carelessness and negligence of defendant, slipped and gave way and fell down upon plaintiff with great force and violence; that because of and as the direct result of said carelessness and negligence of defend-

ant, whereby said stone fell on plaintiff, plaintiff was greatly wounded, bruised, hurt and injured * * * that on said day plaintiff was employed by defendant as a stone worker, and was ordered and directed by defendant to place and set up above the lintel of said doorway certain pieces of stone of great size and weight, to-wit, of the weight of four thousand pounds; that plaintiff was then and there ordered by defendant to place said pieces of stone on top of a certain thin and fragile slab furnished by defendant, one on top of the other, those at the top jutting out over those at the bottom, and to set them up thus in the air, no wall or other structure to which said pieces of stone might be tied or anchored and kept from falling having been furnished by defendant; that to set up said pieces of stone in the manner plaintiff was ordered to set them up as above set out was a work of great risk and danger; that plaintiff is a stone cutter by trade, and on said 5th day of September, A. D. 1916, had been employed by defendant as a stone cutter for about two years; that until defendant began the construction of the stone work on said school house, plaintiff has never been employed as a stone mason, and on said day he was without skill or experience in setting up or constructing stone or other material in a wall or building; that plaintiff, on account of his said inexperience and lack of skill in such work, was ignorant of and was unable to appreciate the said great risk and danger of setting up said pieces of stone in the manner ordered by defendant and with the materials and appliances furnished by him, as aforesaid; that defendant by the exercise of reasonable care should have known and did know, of the said great risk and danger and of the inexperience and lack of skill of the plaintiff; that it then and there became and was the duty of defendant to warn plaintiff

of said great risk and danger, and to so instruct, super-
vise and control him as to enable him to perform said
work in reasonable safety; yet the defendant not regard-
ing his duty in this behalf, ordered and required plaintiff
to do said work and negligently, carelessly and wilfully
failed and neglected to warn plaintiff of the risk and
danger aforesaid or to so instruct, supervise and control
him as to enable him to perform said work in safety;
that plaintiff then and there set up said pieces of stone
as he was ordered by defendant as aforesaid; that there
upon said large and heavy pieces of stone, without fault
on the part of plaintiff, and because of the aforesaid care-
lessness and negligence of defendant in failing to warn
and instruct plaintiff, slipped and gave way and fell
down and upon plaintiff with great force and violence;
that because of and as the direct result of the said care-
lessness and negligence of defendant, whereby said stones
fell on plaintiff, plaintiff was greatly wounded, bruised,
hurt and injured;"   *   *   *

Our conclusion, after a careful consideration of the
record in this case, is that the recovery had thereon is
not warranted by the facts in proof, or by the law appli-
cable to those facts; and that the plaintiff on his own
testimony alone as exhibited in the record can never law-
fully recover anything from the defendant below for his
injuries, severe as those injuries no doubt were. And
why? Because, according to the plaintiff's own story of
the accident, his injuries resulted entirely from his own
carelessness and negligence that was the sole proximate
cause of such injuries. It is strenuously insisted here
that he was inexperienced in the kind of work he was
doing when the accident happened, and that the defend-
ant was negligent in not informing him of the dangers

incident to that character of work. The plaintiff was a full grown adult of normal mental capacity, and according to his own story, and to the uncontradicted testimony of other witnesses, had, successfully and without accident, as a stone mason, put up the ornamental stone trimmings in and around two other doors in the same building. He was boss of the job, having two common laborers under him to assist him. He was a freeman, and was under no obligation to engage in this stone laying operation if he was inexperienced in the work, and should have declined the employment in it, if he was so obtuse as not to see and know the obvious and patent danger resulting from the natural law of gravitation that a heavy stone placed and left without sufficient supports will inevitably fall to the ground and that if he gets under it in its fall it will not be conducive to the health of his anatomy. This plaintiff himself supervised and assisted in the erection of the scaffolding on which to do his work. He, with the help of his assistants hoisted the stone blocks from the ground to the place where they were to be placed in the wall. He himself adjusted and laid those stones in their places, and after laying them they fell upon him inflicting the injuries for which he sues herein for damages. But it is contended for the plaintiff that the stones fell because the defendant negligently failed to have put in the necessary brick work to support them, or to which they could be anchored. If it was true that such brick work was not in place, and if it was necessary to the safety of the plaintiff in doing his work, both facts were plainly and patently obvious to the plaintiff who was right there on the spot, and it was his duty to decline to lay the stones in the absence of such supporting brick work, and in such case it was his own negligence in un-

dertaking to lay heavy stones above the ground without proper supports to prevent their falling.

Again it is strenuously contended that the defendant was negligent in furnishing to the plaintiff a thin slab of stone called a name plate or freize to be put in the wall under the heavy stones above it that was only two inches thick, when it should have been five or six inches thick as called for by the architect's plans and specifications for the building. There is not a scintilla of evidence that the placing of this two-inch slab of stone in the wall contributed in the remotest degree to the fall of the large heavy stones above it. On the contrary the uncontradicted testimony shows that this thin name plate stone was put in by the plaintiff himself, was backed up with brick work flush with its upper edge, and served the purpose only of a veneering finish over the brick work. But again, we have no peonage in this country. The plaintiff was a freeman adult of normal mental capacity, and if the thinness of this name plate slab added to the dangers of his job, it was patent and obvious to him, and he was perfectly free to decline to put it in there, and he in that case was negligent in consenting to put it in or in working at it at all. All of the dangers incident to the work doing by the plaintiff were so obvious, patent, open and plain to any mentally normal adult, that no information, cautions or instructions with reference thereto were necessary to be given to the plaintiff by his employer or any one else, and there was, therefore, no actionable negligence in the defendant's failure to undertake such cautions, instructions, etc. German Am. Lumber Co. v. Hannah, 60 Fla. 70, 53 South. 516.

Evidently from the whole case these heavy stones fell immediately after being laid and placed by the plaintiff

himself with his own hands. There must have been carelessness and negligence in the laying and placing thereof, and if so, whose was the fault? Clearly the plaintiff's own fault, and he cannot, therefore, recover for his injuries. The employer is not an insurer of his employee against injuries resulting to the latter solely from the latter's own carelessness and negligence, and from no other proximate cause. Leynes v. Tampa Foundry & Machine Co. 56 Fla. 488; Perkins v. Morgan Lumber Co. 68 Fla. 503.

The Court below erred in refusing to give the affirmative charge requested by the defendant, and erred in entering the judgment against the defendant, and erred in the refusal of the defendant's motion for a new trial.

The judgment of the court below is hereby reversed at the cost of the defendant in error.

BROWNE, C. J. AND WHITFIELD, ELLIS AND WEST, J. J., concur.