DIRECTOR GENERAL OF RAILROADS, *Plaintiff in Error;* v. JAMES R. BRANDIES, *Defendant in Error.*

Opinion Filed February 20, 1922.

Petition for Rehearing Denied March 28, 1922.

Neither at common law nor by statute can a recovery of damages for personal injuries be legally had where the injury was solely caused by the plaintiff's own negligence.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*Fleming & Fleming* and *J. S. Diver,* for Plaintiff in Error;

*A. H. & Roswell King,* for Defendant in Error.

PER CURIAM.—A writ of error was taken to a judgment awarding to Brandies damages for personal injuries received by falling from a step-ladder he was using in working on top of a railroad car in the repair yard of the defendant below.

As the injury was not caused "by the running of the locomotives, or cars or other machinery of" a railroad company, Sec. 4964, Rev. Gen. Stats. 1920, is not applicable. If the provisions of Chapter 6521, Acts of 1913, Section 4971 *et seq.* Rev. Gen. Stats. are applicable upon the theory that at the time of his injury the plaintiff was employed in "railroading," it was not shown that the injury was "caused by the negligence of" the defendant in furnishing

a ''defective and insufficient'' ladder as in the different counts is alleged. See Atlantic Coast Line R. Co. v. Gardner, 77 Fla. 305, 81 South. Rep. 473. It clearly appears from the testimony and from the ladder exhibited in court, that the injury was caused by the plaintiff's ''own negligence,'' in placing and ·in falling from the step-ladder, a substantially constructed implement, in perfectly good con-·dition, that·was by the plaintiff placed in position for his own use, its simple construction being patently obvious. If a cross piece or brace that connected the rear upright portions of the step-ladder, caused the plaintiff to fall in descending from the ladder, he knew the cross-piece was there and he so placed the ladder against the car on which he was working that the ladder folded and the cross-piece rested against the ladder steps while he was on it, the foot of the ladder being on the ground and the top against the car on which he was working.

By the terms of the statute and by the common law the plaintiff cannot· recover damages for an injury that the evidence shows was solely ''caused by his own negligence.'' ·Long v.·Pughsley, 80 Fla. 278, 85 South. Rep. 664; Perkins ·v. Morgan Lumber Co., 68 Fla. 503, 67 South. Rep. 126.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.