FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, *Plaintiff in Error*, v. R. O. DAUGHETEE, *Defendant in Error*.

Division B.

Opinion filed November 29, 1929.

Petition for rehearing denied February 1, 1930.

*Robert H. Anderson* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Frank L. Butts* and *J. F. Albert Ecke,* for Defendant in Error.

BUFORD, J.—In this case the plaintiff in the court below, defendant in error here, and who will be hereafter called the plaintiff, was twenty-eight years of age. He procured work as a mechanic with the defendant. He took the position of firing stationary oil burning boilers. His usual work was that of firing stationary boilers. At the time the accident occurred, which is the basis of this suit, he was firing a locomotive boiler which was then being used for and in lieu of a stationary boiler. The record shows there is no practical difference between the operation of firing and keeping steam up in the two boilers.

On the night of November 30th, about three and one-half hours after he had begun firing the locomotive boiler it exploded and injured him. The record shows that the average life of a steam locomotive boiler is about forty (40)

years, and that the boiler here in question had been used fifteen or sixteen years.

The record shows that the boiler had been regularly inspected and that it passed such inspections as fit and proper for use as a steam boiler. The record fails to show that the work which the boiler was required to do at the time of the accident was heavier than the work usually required of the boiler, or that greater strain was necessarily imposed thereby. The record shows that all the safety appliances which are generally used on steam boilers when engaged in the work for which this boiler was constructed, or in work like that in which this boiler was then engaged, were installed upon and used and were in proper working order on this particular boiler.

The fact that the boiler exploded is the only fact or circumstance established by the evidence which tends to show that the boiler was weak or unsafe.

This case comes within the purview of the hazardous occupation statutes of this State. Sec. 4972, Rev. Gen. Stats. 1920, 7059 Comp. Gen. Laws, is as follows:

"Liability of certain persons and corporations for injuries from negligence of fellow servants.—The persons, firms and corporations mentioned in Section 7058 shall be liable in damages for injuries inflicted upon their agents and employees, and for the death of their agents and employees caused by the negligence of such persons, firms and corporations, their agents and servants, unless such persons, firms and corporations shall make it appear that they, their agents and servants, have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against such persons, firms and corporations."

A pertinent part of this section is that the employer is made liable for injury or death of the employee, etc., only

when caused by the *negligence* of such employer and are not liable in damages when they make it appear that they, their agents and servants, have exercised all ordinary and reasonable care and diligence.

In this case it is affirmatively shown that the railroad company exercised all ordinary and reasonable care and diligence.

In Geneva Mill Co. v. Andrews, 11 Fed., 2nd Series, 924, the circuit court of appeals, speaking through Judge Bryan, say:

"The Supreme Court of Florida has held that in suits of this kind there is no presumption that the employer was negligent, but that the burden of proving negligence is on the plaintiff. A. C. L. R. R. Co. v. Gardner, 61 So. R. 473, 77 Fla. 305; Charlotte Harbor, etc., Co. v. Truette, 87 So. R. 428, 81 Fla. 152. It was therefore, error to charge that a presumption that defendant was negligent arose from proof of injury and that the burden was on defendant to show due care and diligence."

In A. C. L. Ry. Co. v. Gardner, 77 Fla. 305, 81 So. R. 473, the Court in construing Sections 3148, 3149 and 3150, Gen. Stats of 1906, together with Chapter 6521, Acts of 1913, Section 2 of which Act became Section 4972, Rev. Gen. Stats., say:

"The latter statute supersedes the former one insofar as the two are in conflict. Chapter 6521 differs from the older statute in that it covers liability of 'persons, firms and corporations engaged in * * * railroading * * * in damages for injuries inflicted upon their agents and employees * * * caused by the negligence of such persons,' etc. While the quoted sections of the General Statutes make rail-

road companies liable for damage or injury done '*by the running of locomotives, cars or other machinery* of such company, unless,' etc. Chapter 6521 makes 'persons, firms and corporations engaged in * * * railroading,' etc., 'liable in damages for injuries inflicted upon their agents and employees * * * *caused by the negligence* of such persons, firms and corporations, unless,' etc.

Under the quoted sections of the General Statutes negligence should be alleged, but upon proof of injury done by the running of the locomotives, etc., of a railroad company, the statute raises a presumption of negligence which the defendant is required to overcome by proofs. Section 2 of the latter statute in effect restores to some extent at least in the cases to which it applies, the common law rule which requires the plaintiff to allege facts showing negligence and to prove facts showing at least *prima facie* negligence as alleged.''

In Charlotte Harbor & Northern Ry. Co. v. Truette, 81 Fla. 152, 87 So. R. 427, the Court say:

''In an action for damages for personal injuries alleged to have resulted from the negligent act of a railroad corporation through its employees, the recovery can be had only upon the case made by the declaration.''

The plaintiff failed to prove the allegations of his declaration and failed to show any negligence on the part of the railroad company which would make the railroad company liable for the injuries sustained under the provisions of our statutes. Therefore, the judgment should be reversed. It is so ordered.

Reversed.

1026

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.