MELTON WILSON v. JOHN B. ORR, INC.

151 So. 540.

Division B.

Opinion Filed December 11, 1933.

Rehearing Denied January 2, 1934.

*Charles A. Morehead* and *Miles Ventress,* for Plaintiff in Error;

*Patterson & Knight* and *W. Clinton Green,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J. (concurring in affirmance).—The declaration does not allege that plaintiff, a carpenter, was inexperienced or otherwise unable to comprehend that conditions might exist with respect to the boards he was furnished to nail on, that would likely lead to the happening that occurred, namely, that in attempting to drive a nail in an unyielding part of one of the boards it might fly, when struck, into plaintiff's eye. Matters of this kind, appearing on the face of a declaration, render it demurrable. Long v. Pughsley, 80 Fla. 278, 85 So. 664. In this case, the casual connection between the mere furnishing of the alleged defective boards and the injury that happened, does not appear, while it does appear affirmatively that the injury was caused by an act of plaintiff which as a carpenter he should have foreseen, was likely to occur in attempting to drive nails in that kind of boards.