TAMPA ELECTRIC COMPANY v. W. O. JONES.

190 So. 26
Division B
Opinion Filed June 27, 1939
Rehearing Denied July 11, 1939

747

*Knight, Thompson & Sutton,* for Plaintiff in Error;
*Worth, Bivens & Lively,* for Defendant in Error.

BUFORD, J.—The appeal brings for review judgment in favor of plaintiff in a suit against the defendant to recover damages alleged to have been sustained by plaintiff by reason of the negligence of defendant's servants in the operation of a street car on which plaintiff was a passenger.

The alleged injury occurred when an automobile driven by another collided with the side of the street car, broke

a window and shattered broken glass against and upon the plaintiff.

There is some evidence in the record showing that the motorman just prior to the collision had not maintained for every second as high a degree of watchfulness as he might have, but there is no evidence whatever that such lack of watchfulness, if it did occur, was in the whole or in part the cause of the collision or the injury.

The record shows conclusively that the involved automobile got out of control of the driver by skidding on a wet pavement and while so out of control, collided with the street car while the street car was being operated at a reasonable rate of speed between street intersections.

In suits for personal injuries alleged to have resulted from the negligence of another it is not only necessary that some negligent act of the defendant be shown but it must be shown that such negligent act caused, or contributed to, the result which inflicted the injury. The negligence must be the proximate cause of the injury.

In Seaboard Air Line Railway v. Mullin, 70 Fla. 450 70 Sou. 467, L. R. A. 1916A 982, Ann. Cas. 1918A 576, we said:

"Actionable Negligence exists when a loss or injury to one without fault results directly from another's mere negligence, or when the loss or injury sustained by one is such as results in ordinary natural sequence from the negligence, or such as naturally and ordinarily should have been regarded as a probable not as a merely possible result of the simple negligence of another. Conversely when the loss or injury is not a direct result of the mere negligence, and the loss or injury is not a natural ordinary sequence or such as naturally and ordinarily should have been regarded as a probable, and not a merely possible result of the simple negligence, the negligence is not actionable. See 2 M. A.

L., p. 114, *et seq.* If an independent efficient cause intervenes between the negligence and injury, the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. Chicago & Eastern Illinois R. R. Co. v. Heery Adms., 105 Ill. App. 647; Perkins v. Morgan Lumber Co., 68 Fla. 503, 67 South. Rep. 126; Illinois Cent. Ry. v. Siler, 229 Ill. 390. A proximate cause produces the result in continuous sequence, and without which the result would not have occurred. Ramsbottom v. Atlantic Coast Line R. Co., 138 N. C. 38, 50 S. E. Rep. 448."

See also Williams v. A. C. L. Ry. Co., 56 Fla. 735, 48 Sou. 206, and Jacksonville, etc., R. Co. v. Peninsular Land, etc., Co., 27 Fla. 1, 157, 9 So. 661, 17 L. R. A. 33; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Hall v. Western Union Tel. Co., 59 Fla. 275, 51 So. 819, 27 L. R. A. (N. S.) 639; Tatum v. Seaboard Air Line R. Co., 93 Fla. 1046, 113 So. 671, 674.

The motorman had the right to assume that the driver of every automobile passing the street car traveling in the opposite direction would retain control of the automobile and avoid collision with the side of the street car, and, thus assuming, he had the right to proceed on his course of travel at a reasonable rate of speed. The contents of the record here indicates that the collision would have occurred had the street car been standing still on the tracks at the place where the collision occurred.

The record discloses no actionable negligence on the part of the defendant and, therefore, the judgment must be reversed.

So ordered.

Reversed

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., dissents.