120 So.2d 227 (1960)
Doyle POPE, Appellant,
v.
PINKERTON-HAYS LUMBER CO., Inc., Appellee.
No. B-271.
District Court of Appeal of Florida. First District.
April 29, 1960.
Rehearing Denied May 27, 1960.
*228 Horne & Rhodes, Tallahassee, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, and Ausley, Ausley & McMullen, Tallahassee, for appellant.
Keen, O'Kelley & Spitz, Tallahassee, for appellee.
WIGGINTON, Chief Judge.
Defendant has appealed from an adverse verdict and judgment rendered in a tort action brought for the recovery of property damages suffered by plaintiff as a result of defendant's negligence. The question on which our decision must turn involves the law of proximate cause.
*229 Plaintiff owned and operated a sawmill located one-half mile outside the corporate limits of the City of Perry. Defendant is a contractor who was engaged in a road construction job inside Perry. One of defendant's employees, while in the performance of his duties, negligently operated a bulldozer in such manner as to sever a telephone cable which connected the telephone located in plaintiff's sawmill with the switchboard of the telephone company. In the early hours of the morning following the severance of the telephone cable on the preceding afternoon, a fire occurred on the premises where plaintiff's sawmill was located. Because the night watchman at the sawmill was unable to communicate by telephone with the Perry Fire Department, the fire spread to the sawmill causing considerable damage before it could be extinguished. The evidence shows that on several prior occasions fires had occurred in a similar fashion at plaintiff's sawmill, but in each instance the local fire department was summoned by telephone and arrived at the mill in time to extinguish the blaze before any material damage was suffered.
The principal thrust of appellant's position is that the evidence fails to establish that its negligent act in severing the telephone cable was the proximate cause of the fire damage suffered by plaintiff.
Our Supreme Court has consistently recognized that liability for negligence depends upon a showing that the injury suffered by a plaintiff was caused by the alleged wrongful act or omission of the defendant.[1] In short, the courts have reasoned that the connection must be such that the law regards the negligent act as the proximate cause of the injury.[2] The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.[3] The Florida courts, as well as a great majority of other jurisdictions, have incorporated into their definitions of proximate cause certain modifying factors or tests which have been formulated to help determine whether proximate cause or legal cause is present in a particular case.[4] The principal tests are the following: (a) "Foreseeability", by which, even though the defendant has been negligent there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence, although according to the decisions from some jurisdictions the particular injury or the manner in which the hazard operated need not have been clearly foreseeable[5]; (b) "Natural and probable consequences", by which the actor is liable for all of the natural and probable consequences of his negligence[6]; (c) "Substantial factor", by which the actor is liable if his negligence was a substantial factor in producing the injury complained of[7]; (d) The view that if it is established that the defendant was negligent, he is liable for any injury actually and naturally resulting from his act, whether such injury was foreseeable *230 or probable or not.[8] This latter view appears to ignore any test that would limit liability once causation is established, and is not recognized in Florida.
In addition to the foregoing elements that are considered in defining and applying the doctrine of proximate cause in particular cases, the courts also refer to intervening causes. An intervening cause is material in determining proximate cause only so far as it supersedes a prior wrong as the proximate cause of an injury, by breaking the sequence between the prior wrong and the injury.[9] Prosser states that "On its face, the problem is one of whether the defendant is to be relieved of liability for an injury to which he has in fact contributed, by a later superseding cause for which he is not responsible." Further,[10]
"`Intervening force,' like `direct causation,' is a term easier of general comprehension than of any exact definition. An intervening force is one which comes into active operation in producing the result after the negligence of the defendant. `Intervening' is used in a time sense; it refers to later events. If the defendant sets a fire with a strong wind blowing at the time, which carries the fire to the plaintiff's property, the wind does not intervene, since it was already in operation; but if the fire is set first, and the wind springs up later, it is then an intervening force. Neither are forces caused or set in motion by the operation of the defendant's conduct upon the existing situation  as where his spark ignites gasoline vapor already present  to be considered as intervening, since their origin is not external and independent, and they are to be attributed to the defendant himself."
It is noted that the Florida Supreme Court has applied the foreseeability test to the independent intervening cause and has reasoned that the intervention of independent intervening causes does not break the causal connection if the intervention of such forces was itself probable or foreseeable.[11]
As indicated by most writers, the subject of proximate cause, with all of its superimposed tests, is more difficult of application than of definition in general terms. Thus, in brief summary, we will review the rules of law controlling proximate cause in this jurisdiction, and then attempt to apply them to the case at bar. At the outset, Florida has recognized that liability for negligence must be predicated on a causal connection between the alleged negligence and the injury of which complaint is made.[12] Furthermore, this jurisdiction has reasoned that to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the injury would not have occurred.[13] It is an accepted principle that natural and probable consequences are those that a person by prudent human foresight can anticipate as likely to result from an act, because they happen so frequently from the commission of such an act that in the field of human experience they may be expected to happen again.[14] Justice Sebring states the rule thusly in the Cone case:
"Not every negligent act of omission or commission gives rise to a *231 cause of action for injuries sustained by another. It is only when injury to a person who himself is without contributing fault has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss. Conversely, when the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed. Seaboard Air Line Ry. Co. v. Mullin, 70 Fla. 450, 70 So. 467, L.R.A. 1916D, 982, Ann. Cas. 1918A, 576. `Natural and probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again. `Possible' consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am.Jur. 712, Negligence, Sec. 61." [40 So.2d 149.]
The defendant here is not charged with having negligently burned the mill. He is charged with having negligently severed the cable which connected the telephone at the mill with the telephone at the fire department. It was the severing of the cable that constitutes the negligent act with which the defendant is charged. Under the definition adopted by the Supreme Court in the Cone case, the defendant could be liable only if the proof showed that in the past the mill had frequently caught on fire, and that a loss had been suffered because of interrupted telephone service between the mill and the fire department. Had this been the case, the defendant could have reasonably foreseen that by his negligent act of severing the cable and thus interrupting telephone service, the loss was likely to happen again because losses under similar circumstances had frequently happened in the past. There are no allegations in the complaint, nor proof in the evidence, that the plaintiff's mill ever suffered a loss by fire in the past by reason of interrupted telephone service to the fire department. This being so, the facts in this case do not come within the rule of proximate cause as defined by the Supreme Court in the Cone case. The circumstances of the case are not such as to warrant a finding that defendant, by prudent human foresight could have been expected to anticipate that the loss by fire at the mill would likely result from his act in severing the cable.
Judge Buford, speaking for the court in Tampa Electric Company v. Jones, supra, stated the prevailing view most concisely:[15]
"If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. Chicago & Eastern Illinois R.R. Co. v. Heery Adms., 105 Ill. App. 647; Perkins v. Morgan Lumber Co., 68 Fla. 503, 67 South.Rep. 126; Illinois *232 Cent. Ry. v. Siler, 229 Ill. 390, 82 N.E. 362, 15 L.R.A.,N.S., 819, 11 Ann.Cas. 368. A proximate cause produces the result in continuous sequence, and without which the result would not have occurred. Ramsbottom v. Atlantic Coast Line R. Co., 138 N.C.38, 50 S.E. 448." [138 Fla. 746, 190 So. 27.]
It would appear that the fire in the instant case, which occurred subsequent to defendant's act of negligently cutting the telephone wire, was an independent intervening cause. That is to say the cutting of the wire, absent a subsequent fire of the mill, would have resulted in no injury to plaintiff. It would thus appear that where two distinct causes are successive and unrelated in their operation, they cannot be concurrent, in which liability might attach to defendant, but rather are independent and distinct. If they are independent or distinct, it follows that one of them must be the proximate and the other the remote cause, the latter of which is free from liability.
In commenting upon the factor of independent intervening cause as treated by the Supreme Court in the Tampa Electric Company case, Prosser says:
"In dealing with this [direct causation] problem, many courts and writers have made a distinction, easier of comprehension than of any exact definition, between consequences which may be regarded as caused `directly' by the defendant's act, and those which result from the intervention of other causes at a later time. `Direct' consequences are those which follow in sequence from the effect of the defendant's act upon conditions existing and forces already in operation at the time, without the intervention of any external forces which come into active operation later."[16]
Since the fire which caused plaintiff's damages in this case was not a "condition existing nor a force already in operation" at the time the telephone cable was negligently severed by defendant, the latter act cannot be said to be the direct cause of the damage. If we conclude that defendant could not have foreseen the fire at the time he cut the wire (and there is no proof that he could), then his negligence would be the remote cause of the damage to the mill, and he would not be liable for the subsequent damage caused by the fire itself.
It would appear necessary to indulge in a series of presumptions in order to hold defendant liable for the fire damage, even assuming that he should have foreseen that the mill would catch on fire subsequent to his act of cutting the wire. That is to say, if liability is found to exist in this case, it must be predicated upon the assumption that if the call had gone through uninterrupted by defendant's negligence, the call would have been answered promptly, the fire department would have responded promptly, there would have been no other mishap of any kind, the water pressure would have been ample, the fire apparatus in good working order, and no adverse winds. In short, in order to hold defendant liable for the fire loss we must indulge in the presumption that everything else would have turned out to perfection. And after all this, how much of the mill would have been saved? Indulging all these suppositions, at last we wind up in mere conjecture as to what damage would have been done.[17]
We conclude that defendant's act of cutting the telephone cable, although causally connected to the subsequent fire damage, was a remote cause when squared with the tests of independent intervening cause and *233 foreseeability. The proof, therefore, fell short of establishing a basis for liability. The judgment appealed from is accordingly reversed with directions that it be set aside and a judgment be entered dismissing the cause.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Westbrook v. Bacskai, Fla.App. 1958, 103 So.2d 241; Key West Elec. Co. v. Albury, 1926, 91 Fla. 695, 109 So. 223; Williams v. Atlantic Coast Line R. Co., 1908, 56 Fla. 735, 48 So. 209, 24 L.R.A., N.S., 134.
[2] Tampa Elec. Co. v. Jones, 1939, 138 Fla. 746, 190 So. 26; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 1908, 55 Fla. 514, 46 So. 732, 20 L.R.A.,N.S., 92.
[3] Woodbury v. Tampa Water Works Co., 1909, 57 Fla. 243, 49 So. 556, 21 L.R.A., N.S., 1034.
[4] 155 A.L.R. 157.
[5] See cases cited 155 A.L.R. 159-160; also see Cone v. Inter County Tel. & Tel. Co., Fla. 1949, 40 So.2d 148; Jacksonville T. & K.W.R. Co. v. Peninsular Land, Transp. & Mfg. Co., 1891, 27 Fla. 1, 9 So. 661, 17 L.R.A. 33, 65.
[6] 55 A.L.R. 163; Cone v. Inter County Tel. & Tel. Co., supra note 5.
[7] (Note: This test has not been utilized by Florida Courts to date); 155 A.L.R. 164.
[8] 155 A.L.R. 164.
[9] 23 Fla.Jur., Negligence, § 36.
[10] Prosser on Torts, p. 353.
[11] Johnson v. Wood, 1945, 155 Fla. 753, 21 So.2d 353; Moore v. Lanier, 52 Fla. 353, 42 So. 462; 38 Am.Jur., Negligence, Sec. 70.
[12] See Cases cited under Note 1.
[13] Seaboard Air Line Ry. Co. v. Mullin, 70 Fla. 450, 70 So. 467, L.R.A. 1916D, 982.
[14] See Cone v. Inter County Tel. & Tel. Co., Fla. 1949, 40 So.2d 148. Note 5.
[15] Also see McWhorter v. Curley, Fla.App. 1959, 113 So.2d 566, wherein the rule is again quoted with approval.
[16] Prosser on Torts, p. 347.
[17] Lebanon L & L Teleph. Co. v. Lanham Lumber Company, 131 Ky. 718, 115 S.W. 824, 21 L.R.A.,N.S., 115; see cases cited in Hodges v. Virginia-Carolina R. Co., 179 N.C. 566, 103 S.E. 145, 10 A.L.R. 1456, 19 A.L.R. 1419.