156 So.2d 781 (1963)
ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, Appellant,
v.
Virginia Bryant PONDS, as widow of Hubert Bryant, deceased, Appellee.
No. 3876.
District Court of Appeal of Florida. Second District.
October 11, 1963.
*782 Edward K. Goethe, and Giles, Hedrick & Robinson, Orlando, for appellant.
W.H. Twyford, of Sellar & Twyford, and Walter Warren, Leesburg, for appellee.
ALLEN, Judge.
Appellant, defendant in the lower court, appeals a verdict and judgment for appellee, plaintiff below. The sole issue on appeal is whether there was evidence upon which the jury could lawfully return a verdict for plaintiff-appellee or, in terms of the procedural context, whether the trial judge erred in denying defendant-appellant's motion for directed verdict at the conclusion of all the evidence.
Appellee instituted this action against appellant for damages arising from the death of appellee's husband in a railway grade-crossing collision between appellant's southbound train and a westbound motor vehicle in which appellee's husband was a passenger. Abstracting from conflicting testimony that evidence favorable to appellee, the following factual circumstance emerges. At approximately 2:20 P.M. on February 22, 1960, appellee's husband was a passenger in a panel truck driven by Joseph P. Mottl. The truck, traveling at 40-45 mph, was proceeding in a westerly direction on State Highway 44-A north of Leesburg, Florida, and was approaching a point at which appellant's tracks crossed the highway. It was "drizzling" at the time and the crushed rock and asphalt road surface was wet.
At the time Mottl's vehicle was approaching the crossing from the east, appellant's passenger train was approaching from the north. As Mottl neared the crossing he slowed to about 30 mph and, although he listened, he heard neither whistle nor bell indicating the train's approach, Mottl's view of the tracks north of the crossing was obscured by a combination of a hill, trees and high grass. Accordingly, it was not until he was about 250 feet from the crossing that he was aware of appellant's train, at that time about 200 feet north of the crossing. Mottl immediately applied his brakes, skidded and, as he reached the crossing, had slowed to 2 or 3 mph. Having misjudged the efficiency of his brakes and believing that his vehicle would stop short of the crossing, Mottl did not alter his course or turn into a side road intersecting the highway about 50 feet from the crossing. Instead, the vehicle collided with the train, the point of impact being at the rear of the second engine, some 135 feet from the front of the train. Appellee's husband, the passenger, was killed instantly.
The foregoing, abstracted almost entirely from Mottl's testimony and contravened in every material particular by defense witnesses, constitutes the circumstance upon which the jury presumably predicated appellant's liability. Arguing in support of this verdict, appellee contends that excessive speed and a failure to warn, by whistle or bell, of the train's approach constituted negligence and a sufficient predicate for liability. Admitting, on its motions for directed verdict, the foregoing circumstances, the appellant argues that it was entitled to a verdict as a matter of law. Specifically, appellant contends that Mottl's failure to stop his vehicle when he knew of the train's approach and/or his failure, due to admitted misjudgment, to turn and avert collision when collision was imminent constituted the sole *783 proximate cause of the collision and death. Responding to appellee's theory of negligence, appellant argues that the negligence, if any, in the alleged excessive speed and inadequate warning was remote and did not proximately cause the collision.
Examining Mottl's conduct in terms of the duties of a motorist approaching a railroad crossing, it is clear that he was negligent. In Atlantic Coast Line R. Co. v. Weir, 1912, 63 Fla. 69, 58 So. 641, 41 L.R.A.,N.S., 307, the Supreme Court enunciated the rule that a driver, approaching a railroad crossing, is under a duty to have his car under control so as to avert collision if possible. In a subsequent case, Cline v. Powell, 1939, 141 Fla. 119, 192 So. 628, involving a standing train, the court discussed a motorist's duties and responsibilities as follows:
"* * * If a sudden obstruction to view appears, the vehicle should be stopped or driven off the travel lanes, or the driver should do the needful to avoid an accident if possible. The driver of a motor vehicle is by law required to proceed at a reasonable speed according to existing circumstances and to keep the vehicle in complete control so as to stop in time or to do the needful to avoid accidents if possible, particularly on unfamiliar roads or at night or in unfavorable weather or other conditions that are likely to make traveling risky or dangerous to anyone."
Notwithstanding the fact that in the Cline case the vehicle collided with a standing train, the standard of care therein discussed is applicable to the instant cause, particularly in view of the fact that Mottl was aware of the train at a minimum distance of 250 feet from the crossing. Cf. Chassereau v. Powell, 1934, 116 Fla. 586, 156 So. 721.
Conceding Mottl's negligence and the equally indisputable fact that it proximately caused the accident, the question remains whether it was the sole proximate cause as distinct from a concurring proximate cause. Phrased in terms of the verdict in the lower court the question is whether the alleged negligence of the railroad was a concurring proximate cause. Appellee argues that the defendant railroad was negligent in three particulars. One of these, an alleged "improper lookout" is not sufficiently grounded in the record or in applicable law to be seriously considered. See Loftin v. Nolin, Fla. 1956, 86 So.2d 161; McAllister v. Tucker, Fla. 1956, 88 So.2d 526. A second alleged negligence, improper excessive speed, has scant support in the record and, under the circumstances, was not shown to be causally related to the collision and could not be considered a proximate cause. There remains the alleged negligence in failing to use whistle or bell in warning of the train's approach. This purported negligence, like the "fact" that Mottl's view of the railroad track was obscured, is supported in the record only in the testimony of Mottl himself and is contravened by other disinterested witnesses; nonetheless it must be accepted as proven on this appeal.
In arguing that the alleged failure to use whistle or bell was not a proximate cause of the collision, appellant relies essentially on two cases, Seaboard Air Line Railroad Co. v. Barwick, 1906, 51 Fla. 304, 41 So. 70, and Louisville & N.R. Co. v. Padgett, 1916, 71 Fla. 90, 70 So. 998. In both of these cases a defendant railroad's antecedent negligence in failing to sound warnings of an approach to a crossing was held immaterial in view of the fact that the injured plaintiffs knew from observation that the train was approaching and nevertheless attempted to cross the tracks. On the facts in those cases the negligent conduct of the plaintiffs proximately caused the accident while the railroad's negligence was remote. While the instant case is factually distinguishable from both the Barwick and Padgett cases in that Mottl did not attempt, with notice of the train's approach, to cross the tracks, *784 it is nonetheless similar in that it involves negligence by both participants in the collision and presents a question of the relative character of the two acts of negligence.
In determining the proximity of the two acts of negligence it should be remembered that after the appellant presented its evidence showing due care, the presumption statute, Fla. Stat. 768.05, F.S.A., has no effect and the appellee must prove her case the same as in any other case and bore the burden of showing that the appellant's negligence proximately caused the collision and death. Butler v. Barr, Fla. App. 1959, 114 So.2d 700, cert. denied Fla., 116 So.2d 775; Powell v. American Sumatra Tobacco Co., 1944, 154 Fla. 227, 17 So.2d 391. Too, the discussion of proximate and intervening causes in the recent case of General Telephone Co. of Fla. v. Mahr, Fla.App. 1963, 153 So.2d 13, should be considered. In that case Judge Wigginton, for this court, reviewed the leading Florida cases and, quoting Tampa Electric Company v. Jones, 1939, 138 Fla. 746, 190 So. 26, wrote:
"`If an independent efficient cause intervenes between the negligence and the injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. * * * A proximate cause produces the result in continuous sequence, and without which the result would not have occurred.'"
Continuing, the Mahr opinion points out that:
"* * * it is held that the intervention of an independent intervening cause does not break the causal connection if the intervention of such force was itself probable or foreseeable. * * * under the foreseeability test even though the defendant has been negligent, there can be no recovery for an injury which was not a reasonably foreseeable consequence of his negligence."
Examining the two acts of negligence in terms of the foregoing principles, it is clear that Mottl's negligent failure to control his vehicle and avert collision constituted an independent and efficient cause of the collision. It is equally clear that this cause intervened between the appellant's purported negligence and the collision. Accordingly, conceding the railroad's negligence in failing to sound its whistle as it approached the crossing, the ultimate question is whether the intervening negligence occasioned by Mottl's failure to avoid the collision when he had notice of the train's approach at a point 250 feet from crossing was a foreseeable circumstance. In terms of the propriety of directed verdict, the question is whether appellant can be charged as a matter of law with foresight of Mottl's subsequent negligence. Upon consideration of the duties and responsibilities of the railroad and the obligations of a motorist with respect to the facts disclosed by this record, it is clear that Mottl's negligence was such as could not be considered reasonably foreseeable. The appellant could not be charged with foresight of this negligence absent proof that it was in fact foreseen. See Loftin v. Nolin, supra; Seaboard Air Line R. Co. v. Martin, Fla. 1952, 56 So.2d 509. As a reasonably unforeseeable and mere possible intervening negligence, it was an independent efficient cause constituting the sole proximate cause of the collision. Accordingly, the lower court erred in not directing a verdict for defendant-appellant.
Reversed and remanded for proceedings consistent with the foregoing.
SMITH, C.J., and WHITE, J., concur.