SHANNON, Acting Chief Judge.
The defendant-appellant appeals from a final judgment entered pursuant to a jury verdict finding him liable for negligence and assessing against him damages for the death of plaintiff’s minor son.
The suit arose out of a collision on December 21, 1963, between the defendant’s automobile and a bicycle on which the deceased child was a passenger. The bicycle was driven by the child’s older sister. The accident occurred on a clear afternoon at the intersection where State Road 663 “dead-ends” with State Road 62 (a main highway). State Road 663 proceeds north from the “T” and State Road 62 proceeds east and west. There is a slope or slight downgrade on State Road 663 as it approaches and meets State Road 62. There is a stop sign on State Road 663, but no such sign or caution sign on State Road 62. On the northeast corner of the “T” intersection there is a store-gas station which blocks the view of the Road 663 approach to Road 62 for west bound drivers on Road 62.
On the day in question the defendant and his wife were proceeding west on State Road 62. The defendant was driving, according to his own testimony, between 40 and 50 miles per hour. (Although he indicated he could not estimate it, he was certain he was not traveling at more than 50 miles per hour.) There was no contradictory' testimony offered on this point nor any testimony concerning any infirmity in defendant’s driving.
There was no testimony as to any posted speed limit signs, and the matter of whether or not the highway was a residential district within the statute,* allowing a maximum speed of 30 miles per hour, or a highway, allowing a maximum speed of 65 miles per hour, was given to the jury for its interpretation in coming to its decision as to whether or not the defendant was negligent, along with evidence as to the character of the neighborhood, including those items necessary to classification within the statutory definition of a residential district.
*238 The decedent and his sister, on a bicycle, were proceeding down the sloping grade of Road 663 on the left side of the highway, towards State Road 62; they went through the stop sign, although the driver-sister testified that she had attempted to stop, having seen the defendant’s car some distance before impact, and struck the defendant’s automobile on the side above and near the right front wheel.
The defendant testified he swerved his car to the left to avoid hitting them but the resulting accident was unavoidable.
The appellant raises three questions; the first two basically concern the sufficiency of the evidence; the third raises the question of whether or not the trial court should have held as a matter of law that the area of the accident is not a residential district. As a result of our analysis it is not necessary to reach the third point.
We find that the plaintiff failed to present evidence legally sufficient on the issue of negligence to create a jury question.
Without detailing herein all of the evidence offered, suffice it to say that other than for the possible excessive speed of the defendant (if, in fact, the area is a residential district within the statutory definition), there was no showing of any negligence whatsoever. Assuming, without so deciding, that the area were, as a matter of law, a residential district, or that the jury had the right and duty to determine its character and found it to be residential, the question becomes : Was the defendant’s negligence the proximate cause of the accident and death of the plaintiff’s son? It is not every act of negligence which gives rise to a cause of action for injuries sustained by another. Cone v. Inter County Telephone & Telegraph Co., Fla.1949, 40 So.2d 148. For negligence to be actionable and damages recoverable therefor it must be the proximate cause of the injury. Cone v. Inter County Telephone & Telegraph Co., supra. Likewise in a wrongful death action it is essential to a recovery of damages that the wrongful act of the defendant be the proximate cause of the death. 22 Am. Jur.2d, Death, Sec. 31. Here there is no question that the bicycle the decedent was riding went through a stop sign to crash into the defendant’s car. That was negligence. Proximate cause has often been discussed and there is no need to reiterate familiar principles. What is involved here is the intervention of an independent efficient cause between the negligence (if negligence it were) and the injury. In Tampa Electric Company v. Jones, 1939, 138 Fla. 746, 749, 190 So. 26, Mr. Justice Buford, speaking for the Supreme Court, quoting from Seaboard Air Line Railway v. Mullin, 1915, 70 Fla. 450, 70 So. 467, L.R.A.1916D, 982, said:
“ * * * If an independent efficient cause intervenes between the negligence and injury, and the original negligence does not directly contribute to the force or effectiveness of the intervening cause, the original negligence is not regarded as a proximate cause of the injury, even though the injury might not have occurred but for the original negligence. A proximate cause stands next in causal relation to the effect. * * * A proximate cause produces the result in continuous sequence, and without which the result would not have occurred. * * *
In Atlantic Coast Line Railroad Company v. Ponds, Fla.App.1963, 156 So.2d 781, the wife of the deceased truck passenger sued the railroad whose train had collided with the truck resulting in the death of the passenger. The decedent’s driver had been about 250 feet from the railroad crossing when he saw the train which was about 200 feet from the crossing. He misjudged the efficiency of his-brakes, believed he could stop, did not alter his course, and struck the side of the train. Even though the railroad had been negligent in indulging in excessive speed! (held not to have been a proximate cause) and in failing to sound the whistle warn *239 ing of its approach, the court held that the negligence of the decedent’s driver was not reasonably foreseeable by the railroad and decedent’s driver’s negligence was held to be an independent and efficient cause constituting sole proximate cause of the collision and death. Likewise is the situation sub judice.
Without belaboring the point, we hold that the court erred in not directing a verdict for defendant-appellant.
Reversed and remanded for proceedings consistent with the foregoing.
PIERCE, J., and SMITH, JAMES T., Associate Judge, concur.

 Fla.Stat., Sec. 317.01 (1961), F.S.A.