SPECTOR, Judge.
This is an appeal by the plaintiff from an adverse jury verdict in an action for personal injuries.
The damages sustained by the appellant followed an episode in the City of Gaines-ville which occurred on a wide, well-lighted, multiple-laned highway within the city limits. Appellant was a passenger in a car which was driven by a fellow employee whom he had chanced to meet at a local tavern. After closing time, at about 2:00 Á.M., the pair left. A passing police cruiser’s attention was attracted to their car by the manner in which it was being driven and the cruiser followed for several blocks. Soon the cruiser turned on its red warning flasher light and pulled the car in which appellant was riding over to the curb and parked behind it. Shortly thereafter a second police car, a white patrol wagon, came and parked behind the first car and left on its parking light. After some conversation, the first police car left the scene and parked across the street. Just as said car finished parking across the street, a car driven by a third party ran smack into the second police car — driving it into the car in which plaintiff had been a passenger. Unfortunately, plaintiff was standing between the two cars and sustained substantial injuries when he was pinned between the two cars which came together from the force of the collision.
Appellant contends that the defendant city was guilty of negligence becáuse of the second police car’s failure to have on its red warning flasher signal to warn oncoming traffic when said car was in a parked position, and that such failure caused or contributed to his injuries. The evidence regarding the manner in which the third party’s car was being driven prior to and immediately before it rammed into the back of the second police car shows that it was practically out of control and had barely missed colliding with another car moments earlier. From these circumstances, the jury rendered its verdict in favor of the appellee city. We think that the verdict was amply supported by the evidence inasmuch as it is clear from the record that the said third party’s action was the independent and efficient intervening cause of plaintiff’s in *40 juries. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App. 1st 1960).
It is urged that the trial judge committed reversible error by his failure to permit to be introduced in evidence testimony from an experienced police officer to the effect that the police car’s flasher light should have been turned on when stopping a traffic offender and also by his failure to admit in evidence a police training manual which also advised that the flasher lights should be turned on. The record reflects that these items were excluded on grounds of relevancy. We cannot say that in so ruling the trial judge was in error.
We have reviewed the remaining points raised by appellant and find them to be without substantial merit and hold that the judgment appealed is in accord with the principles announced in Pope v. Pinkerton-Hays Lumber Co., supra, and City of Miami v. Horne, 198 So.2d 10 (Fla. 1967).
Affirmed.
WIGGINTON, C. J., and JOHNSON, J., concur.