ERVIN, Judge,
concurring specially:
This is an appeal from a final judgment based upon a directed verdict in a wrongful death action granted at the conclusion of all the evidence. A few days before the accident the City of Alachua had repaired a water pipe located under Southeast Fourth Avenue. In order to carry out the repairs, a section of road approximately four feet long and covering the entire width of the westbound lane was dug out; after repairs were completed, the hole was filled with lime rock, leaving an elevated area approximately two inches higher than had previously existed. On the day of the accident, one Jimmy Rye was traveling home in the westbound lane and as he approached the repair area, he decided to go around it rather than directly over it. He drove into the eastbound lane and struck the plaintiffs’ decedent who was walking on the shoulder of the road. On the day of the accident, Mr. Rye saw no warning devices as he approached the area, although he was aware that the area had been repaired since he had gone over it on several previous occasions. The plaintiff’s fourth amended complaint alleged that the City of Alachua was negligent in failing to resurface the roadway as it had existed prior to the repairs; or in the alternative, in failing to erect sufficient warnings.
At the conclusion of the evidence, the court granted motion for directed verdict on the following grounds:
“1. Plaintiffs have presented no evidence upon which a jury could infer that Defendant was guilty of negligence or that Defendant’s negligence, if any, was the legal cause of the accident in controversy.
2. The evidence affirmatively shows that the Defendant, CITY OF ALA-CHUA, FLORIDA, did not receive written notice of claim within ninety (90) days of the occurrence of the injury as required by § 95.241, F.S.A., as same was in effect at the time this suit was filed.
3. Plaintiffs have presented no evidence showing that the Defendant, or any of its employees, owed a duty to the Plaintiffs’ decedent differing from that owed to the public generally, nor any evidence showing there was privity or a direct relationship or any contact between any of Defendant’s employees and Plaintiff’s decedent. Therefore, the doctrine of governmental immunity is applicable to the Defendant.”
While I am not persuaded that the lower court’s order directing verdict for the City was correct as to grounds two and three, nevertheless since the motion, in my opinion, may be sustained for the reason stated in ground one, I concur in the per curiam *1327 affirmance solely on the basis that the City could not reasonably have foreseen that the fatal injury would have occurred to decedent as a consequence of its repairs to the street.
In determining whether or not to grant a motion for directed verdict, the trial court should of course be guided by the rule that it must consider the evidence in the light most favorable to the party against whom the directed verdict is asked. A leading case in our District concerning the subject of proximate cause and foreseeability in negligence actions is Pope v. Pinkerton-Hayes Lumber Company, 120 So.2d 227 (Fla. 1st DCA 1960). Plaintiff, a sawmill owner, sued a road construction contractor whose employee had negligently severed a telephone cable with a bulldozer. Later, when the plaintiff’s night watchman was unable to telephone the fire department to report a fire in the sawmill, the fire spread and caused extensive damage. On several prior occasions when fires had occurred at the mill, each time the local fire department had arrived on time in response to calls and thereby substantial damage was prevented. This court reversed a judgment for damages, holding that the cutting of the cable was not the proximate cause of the damages caused by the fire, stating:
“The principle tests are the following: (a) ‘Foreseeability’, by which, even if the defendant has been negligent there can be no recovery for an injury that was not a reasonably foreseeable consequence of his negligence, although according to the decisions from some jurisdictions the particular injury or the manner in which the hazard operated need not have been clearly foreseeable; (b) ‘Natural and probable consequences’, by which the actor is liable for all the natural and probable consequences of his negligence; (c) ‘Substantial factor’, by which the actor is liable if his negligence was a substantial factor in producing the injury complained of; (d) The view that if it is established that the defendant was negligent, he is liable for any injury actually and naturally resulting from his act, whether such injury was foreseeable or probable or not. This latter view appears to ignore any test that would limit liability once causation is established and is not recognized in Florida.” 120 So.2d at 229.
The court concluded that because the defendant Pope could not have foreseen the fire at the time he cut the wire, his negligence was a remote cause of the damage to the mill and he would not be liable for the subsequent damage caused by the fire itself which was an independent, intervening cause. See also Schatz v. Seven-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961);[1] Smith’s Bakery, Inc. v. Jernigan, 134 So.2d 519 (Fla. 1st DCA 1961);[2] General Telephone Company of Florida, Inc. v. Mahr, 153 So.2d 13 (Fla. 2nd DCA 1963).[3] But see McCabe v. Watson, 225 So.2d 346 (Fla. 3rd DCA 1969)[4] and Brown v. McArthur Dairies, Inc., 280 So.2d 520 (Fla. 3rd DCA 1963).[5]
In the case on review plaintiffs must make the following showing: (1) They must *1328 show some negligence on the part of the City in its repair of the road. Allegations of the failure to warn do not seem to be sufficient where the driver here testified that he had been over the elevated area in the road a number of times and knew of the hazard, if any. (2) It was incumbent upon plaintiffs to show that the accident was reasonably foreseeable by the City leaving the hump in the road which was at most two inches in height. I concur that the plaintiffs did not meet their burden only as to the first ground stated in the court’s order granting the motion for directed verdict.

. Operator of the drive-in food store breached no duty to customers by failing to erect a curb in front of the store. It was therefore not foreseeable that a driver who parked her car in front of the store would allow her car to roll into the store and cause injury to a customer within it.

. Driver of truck could not reasonably foresee that a pebble thrown from the truck’s rear wheels would strike pedestrian in eye.

. Utility company could not foresee that a motorist would crash through a barricade around a manhole, resulting in an explosion after car struck a can of gasoline and open flame pots left within the enclosure, thereby causing injury to a nearby bystander.

. Motion for judgment n. o. v. reversed. Court held that it was a jury question whether a defendant, by permitting his parked car to protrude into street, which caused driver of another car to drive onto wrong side of road, thereby striking plaintiff’s child, was proximate cause of the injury.

. Court held that it was a jury question whether dairy was responsible for negligence in leaving a milk crate, over which a customer tripped, in a supermarket aisle which was not removed by supermarket employees during a six hour period. Court concluded that a jury could reasonably find that both the dairy and the supermarket were negligent.