# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-690
Lower Tribunal No. 07-1654
_____

**Trek Bicycle Corporation, etc.,**
Appellant,

vs.

**Antonio Miguelez,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Fudge & McArthur and Rebecca O'Dell Townsend and Tara A. Zimmerman and Donna J. Fudge (St. Petersburg); Banker Lopez Gassler and Mark D. Tinker (St. Petersburg), for appellant.

Richard B. Rosenthal; Malove Henratty and Stephen L. Malove and Scott L. Henratty (Ft. Lauderdale), for appellee.

Before SUAREZ, SALTER, and SCALES, JJ.

SUAREZ, J.

Trek Bicycle Corporation seeks to reverse the judgment and resulting damages award entered against it after a jury trial on the issue of negligent failure

to warn. The law suit arose out of personal injuries sustained by the Plaintiff, Antonio Miguelez, when an object got caught in the front wheel spokes of his Trek road bike, causing the wheel to suddenly stop when the object hit the front carbon fiber forks of the bike. The issue before this court is whether Trek's failure to place the following warning on the bike is the proximate legal cause of plaintiff's injuries:

> WARNING: Damaged carbon fiber can fail suddenly, causing serious injury or death. Carbon fiber can conceal damage from an impact or crash. If you suspect your bike has been impacted or crashed, IMMEDIATELY STOP RIDING. Take the bike to a dealer.

We conclude that failure to warn is not the proximate cause of the plaintiff's injuries and reverse.

Antonio Miguelez was riding his new Trek road bike on the shoulder of the Rickenbacker causeway when the bike abruptly stopped. Miguelez fell and sustained face, jaw and shoulder injuries. Upon examination of the bike, it was apparent that an object had gotten caught in the rotating spokes of the front wheel. The object hit the back sides of the front carbon fiber forks causing the wheel to suddenly stop rotating. The debris hit the front forks with enough force to crack them. The front forks buckled, the bike collapsed, and Miguelez was injured as he fell forward onto the handlebars.

Miguelez sued the bicycle manufacturer Trek, and the bike retailer from whom he had recently purchased the bike, for personal injuries, asserting product liability claims of defective design, defective manufacture, and failure to warn. At

2

trial, Trek obtained directed verdicts on the claims of defective design and defective manufacture. The trial court denied Trek's motion for directed verdict on the failure to warn claim. That was the only issue that went to the jury. The jury returned a verdict against Trek (but not the bicycle retailer) for negligent failure to warn, and awarded Miguelez a total of $800,000.00.

Miguelez argued that had the warning sticker been on the bike alerting him to the potential of carbon fiber to crack and possibly fail when damaged, he would not have purchased the bike (or a bike with carbon fiber forks).[1] This assertion, he argues, is sufficient to survive a motion for directed verdict on the issue of causation as an element of negligent failure to warn. Miguelez had the burden of proof to introduce evidence that it was more likely than not that Trek's failure to place the warning sticker on the bike was a substantial factor in bringing about the event that led to his injuries. In reviewing a trial court's denial of a motion for directed verdict, we must evaluate the evidence in the light most favorable to Miguelez, the non-moving party. See Posner v. Walker, 930 So. 2d 659, 665 (Fla. 3d DCA 2006); Floyd v. Video Barn, Inc., 538 So. 2d 1322, 1325 (Fla. 1st DCA 1989). The question is whether the failure to have the warning on the bike is the proximate legal cause of the injuries sustained by Miguelez. We conclude it was not.

---

[1] At trial, Trek testified that the label was on the bike. Miguelez testified that the label was not on the bike at the time he purchased it. For this opinion, we will assume the label in question was not on the bike at the time of purchase.

3

The issue of proximate causation is generally a question of fact concerned with "whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." McCain v. Florida Power Corp., 593 So. 2d 500, 502 (Fla. 1992). The Florida Supreme Court has stated that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." McCain, 593 So. 2d at 503. The conduct alleged here, failure to warn that damaged carbon fiber could fail suddenly, was not the conduct which was the proximate cause of the injury in this case. Road debris getting caught in the front spokes causing the wheel to suddenly stop is the proximate cause. The possibility of encountering road debris in the manner that Miguelez unfortunately experienced did not, however, have to do with the lack of warnings about carbon components, but had to do with the conditions of the road - conditions presented to all bicyclists regardless of the materials from which the bicycle is constructed, conditions certainly outside of the manufacturer's control. When front tire rotation is suddenly stopped – whether from hard braking, hitting a pothole, or, as in this case, from a foreign object tangling the spokes, the likely result is that the rider will fall or be thrown from the bike by sheer momentum. This is a danger independent of the materials used in the bike's construction. To link a failure to warn of the potential of damaged carbon fiber to fail to Miguelez's choice of bicycle, and, in turn, to an event that might occur to any bicyclist using

4

the equipment as intended, is stretching the concept of proximate legal causation too far. See Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant" (quoting W. Prosser, Law of Torts § 41 (4th ed. 1971))); Tampa Elec. Co. v. Jones, 190 So. 26, 27 (Fla. 1939) (holding that, in negligence actions, Florida courts follow the "more likely than not" standard of causation, i.e., they require proof that the negligence "probably caused" the plaintiff's injury). We conclude that Miguelez failed to prove that the fork collapse was more likely than not a result of Trek's negligent failure to place a warning sticker on the bike frame. In other words, Miguelez's injury is not one that "naturally and ordinarily should have been regarded as a probable, and not a merely possible, result" of the failure to warn, and the trial court erred by denying Trek's motion for directed verdict on this issue. See Tampa Elec. Co., 190 So. at 27 ("A proximate cause produces the result in continuous sequence, and without which the result would not have occurred.").

Miguelez did not meet his burden to prove that Trek's alleged failure to warn of the inherent characteristics of damaged carbon fiber was, as a matter of law, a proximate legal cause of his injuries. As there was no evidence upon which the jury could legally base a verdict regarding legal causation for failure to warn, the trial court should have granted Trek's motion for directed verdict.[2] We

5

therefore reverse the final judgment and remand for entry of judgment in favor of

Trek Bicycles.  We need not address the remaining issues on appeal.

Reversed and remanded.

---

[2] The risk of injury presented by the present case is also not one of affirmative misuse of the product, and we find the cases relied upon by Miguelez to be inapposite.  See e.g., Sta-Rite Indus., Inc. v. Levey, 909 So. 2d 901, 905 (Fla. 3d DCA 2004); Giddens v. Denman Rubber Mfg. Co., 440 So. 2d 1320, 1323 (Fla. 5th DCA1983).   Those cases have to do with a manufacturer's negligent failure to warn that affirmative misuse of a product could lead to injury or death, circumstances not present here.