86 So.2d 161 (1956)
Scott M. LOFTIN et al., Appellants,
v.
Ozie Lee NOLIN, a widow, Appellee.
Supreme Court of Florida. En Banc.
February 10, 1956.
Loftin, Anderson, Scott, McCarthy & Preston, Don G. Nicholson, Miami, and Russell L. Frink, Jacksonville, for appellants.
Fowler, White, Gillen, Yancey & Humkey, Walter Humkey and Henry Burnett, Miami, for appellee.
ROBERTS, Justice.
This is a railroad crossing accident case in which the jury returned a verdict in plaintiff's favor, and the defendant railroad company has appealed. The defendant here contends (1) that the evidence showed that the negligence of the plaintiff's decedent was the sole proximate cause of the accident and (2) that the lower court erred in charging the jury on the doctrine of the last clear chance. The defendant's first contention cannot be sustained, but we have concluded that there is merit in the second.
The evidence shows that the plaintiff's decedent was travelling at a high rate of speed  from 40 to 60 miles per hour  toward the railroad crossing. The defendant's employees saw him coming but thought that he was travelling fast enough to get across the track ahead of the train, which was proceeding very slowly. The conductor was in the caboose where there *162 was an emergency brake which he was authorized to use, and first saw the decedent when he was about 500 feet from the crossing. He thought it would be close, but that plaintiff's decedent would "get by". The fireman, who was sitting in the cab with the engineer (but who was not called as a witness at the trial) made a casual remark to the engineer that a car was coming when the train was at the fouling point, some 400 feet from the crossing. The engineer did not change his rate of speed at that time. When the train was about 50 feet from the crossing, the fireman shouted to the engineer, "Hold it, he is going to hit us!"; the engineer then applied the emergency brake, but it was too late to avoid the collision. The testimony relating to the blowing of the whistle and ringing of the bell by the engineer, was contradictory, even among each party's own witnesses.
While it is true that, ordinarily, the mere fact that a pedestrian or vehicle is approaching a railroad crossing does not require the engineer to slow up or stop the train, since the engineer has the right to assume that the pedestrian or driver of the vehicle is in possession of his faculties "and that he will obey the instinctive law of self-preservation, by getting off the track if already on it, or that he will not get on it if already off * * * unless he sees that the party will not or cannot get or keep out of the way", Florida Cent. & P.R. Co. v. Williams, 37 Fla. 406, 20 So. 558, 564, we think that, in all the circumstances here, it cannot be said as a matter of law that the defendant's employees were entirely free of fault in the matter. Remembering that the defendant railroad company must overcome the presumption of negligence imposed upon it by the statute, Section 768.05, Fla. Stat. 1953, F.S.A., and that it must respond for its proportionate part of the damages, even though the plaintiff's decedent was also negligent, Section 768.06, Fla. Stat. 1953, F.S.A., the trial judge properly refused to withdraw the case from the jury and direct a verdict for the defendant. Cf. Seaboard Air Line R. Co. v. Martin, Fla. 1952, 56 So.2d 509.
We are of the opinion, however, that the cause must be reversed for a new trial because of the error of the trial judge in charging the jury on the doctrine of the last clear chance. We have carefully reviewed our prior opinions with reference to the last clear chance doctrine, and particularly the opinions in the cases of Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Seaboard Air Line R. Co. v. Martin, Fla., 56 So.2d 509.
We cannot consider the last clear chance doctrine without also considering F.S. §§ 768.05 and 768.06 F.S.A., which sections read as follows:
"768.05 Liability of railroad company

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.
"768.06 Comparative negligence

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the plaintiff and the agents of the company are both at fault the former may recover, but the amount of recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant."
In addition to a review of the cases from this court with reference to the last clear chance doctrine in comparative negligence cases, we have also reviewed articles *163 by eminent text writers on the subject, including, 16 Harvard Law Review 365 (1903); 52 Harvard Law Review 1187 (1939); 53 Harvard Law Review 1225 (1940); 47 Yale Law Journal 704 (1938). The consensus of these eminent writers is that justification for the doctrine of last clear chance passes with the adoption of a comparative negligence statute.
No good purpose could be served by quoting at length from the authors on this subject but to those who are interested, we refer them to the articles mentioned, and to 13 NACCA Law Journal 196, article by Roscoe Pound, Editor-in-Chief, on Comparative Negligence, also Handbook of Torts, p. 408, by William L. Prosser.
We have, therefore, concluded that the doctrine of last clear chance does not apply in this case and in cases where the doctrine of comparative negligence applies. The application of the doctrine of the last clear chance in such cases is without reason or justification, and what we may have said in the cases of Poindexter v. Seaboard Air Line R. Co., supra; and Seaboard Air Line R. Co. v. Martin, supra, in respect to the applicability of the doctrine of last clear chance in comparative negligence cases is hereby overruled.
For the reasons stated, the judgment appealed from is reversed and the cause remanded for a new trial.
Reversed and remanded.
DREW, C.J., and TERRELL, THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.