MELVIN, WOODROW M., Associate Judge.
We review the timely appeal by plaintiff, Denver Elmo Sanders, from a final judgment entered in the Circuit Court of Brev-ard County, Florida, upon a jury verdict in favor of the defendants, Florida East Coast Railway Company and its engineer, Thomas Rufus Broom. A highway-railway crossing was the scene of the events that is the subject matter of the controversy existing between the parties involved, who will be referred to here in the same position occupied by each in the trial court.
Denver Elmo Sanders was driving an 18-gear Mack tandem truck, the property of Cone Brothers Construction Company, at. the crossing of Wickham Road Extension and defendant’s rail tracks in Brevard County, Florida. Sanders was driving in a westerly direction. Defendant’s train was proceeding south on the southbound main line, which was the westernmost of three tracks situate at the crossing.
The train struck the end of the rear section of the tandem truck, which had almost cleared the crossing. Sanders was injured, the truck and train damaged.
Sanders sued the defendant railway company and engineer; the railway counterclaimed against Sanders, and cross-claimed against Cone Brothers Construction Company, who in turn counterclaimed against the railway for truck damage.
The sole question here presented is whether the trial court erred in denying plaintiff’s requested instruction on the doctrine of last clear chance.
Although it was the testimony of Sanders that he stopped the truck after pulling from behind defendant’s cars located on the spur track [the easternmost of the three tracks referred to] and had pulled forward when he had seen or heard nothing in either direction, it was the contra testimony of the agents of defendant railway that Sanders never stopped, but continued on his slow pace of three to five miles per hour during the entire truck trip from where the Sanders truck was loaded to the accident point. Defendant Broom said that Sanders’ truck was in his line of vision during the entirety of the fateful trip, which consumed at least thirty seconds. Although Broom saw Sanders when at a distance of 2,000 feet, and the train continued its speed of 55 miles per hour, he did not apply brakes until Sanders came onto the south *51 bound main line and was between 350 and 450 feet away.
The conductor, who occupied the fireman’s seat in the locomotive, testified that the train was between 700 and 750 feet away when he concluded that Sanders was not going to stop and that an accident was in the making. The conductor had an emergency brake available to him, but he did not elect to apply it prior to the claimed emergency action by the engineer.
The jury returned its verdict finding against all parties, thus indicating its conclusion that Sanders and the railroad were guilty of negligence.
In the case of Loftin v. Nolin, Fla.1956, 86 So.2d 161, 59 A.L.R.2d 1257, the Supreme Court of Florida held that the last clear chance doctrine was not applicable to railroad crossing accident cases because of the comparative negligence statute, F.S.1967, Section 768.06, F.S.A. However, this statute suffered a constitutional collision in Georgia Southern & Florida Railway Company v. Seven-Up Bottling Co. of Southeast Georgia, Inc., Fla.1965, 175 So.2d 39. Therefore, the doctrine of contributory negligence now applies in railroad crossing cases. It must follow that the last clear chance doctrine, likewise, now applies when the evidence justifies its application.
In Radtke v. Loud, Fla.App.1957, 98 So.2d 891, 894, the Third District Court of Appeal held:
“Where findings of fact compatible with the doctrine of last clear chance are within the range of those permissible to be made by the jury on the evidence, the court’s charge should explain the doctrine and authorize its consideration and application by the jury dependent upon their findings establishing applicability.”
It is our view of this record that the jury could have properly made findings of fact entirely compatible with the last clear chance doctrine. The evidence, if believed by the jury, could sustain a finding that [1] when Sanders had come into a position of great peril, [2] the railroad’s engineer and fireman each was actually aware of Sanders’ peril and that Sanders would continue his lead-footed pace into the face of death, [3] that thereafter the engineer and fireman each had in his hand the braking power and opportunity by the exercise of reasonable care to save Sanders from harm; but yet each failed to exercise such care. See James v. Keene, Fla.1961, 133 So.2d 297, text 299, 300.
We turn now again to the evidence [1] as to the point of train impact with the right rear of the truck; [2] that the slow-moving truck had almost cleared the southbound tracks, and it is obvious that the jury could have found that it was not necessary to stop the train in order to prevent the collision, but rather that it was only necessary to sooner reduce the speed of the train, in order to avoid the accident.
In the case of Seaboard Air Line R. R. Co. v. Martin, Fla.1952, 56 So.2d 509, text 512, 513, the Court held:
“There was ample evidence in the record to support a charge with reference to the last clear chance.
“The fireman on this train testified that he saw the deceased driving down the dirt road parallel with the tracks, going 16 or 17 miles per hour. He saw him when he turned at right angles onto the Nobles Ferry Road going at the same speed; he saw him when he got within 25 or 30 feet of the crossing and it looked like ‘he might not stop’. He then hollered to the engineer to attract his attention and gave him a hand signal. He further testified that it was between 10 and 12 seconds after he gave the hand signal to the engineer that the car came on the crossing. The engineer testified that if the train was traveling at 50 miles per hour, it would go 780 feet in 10 seconds. The jury had a right to believe this testi *52 mony. It was testimony offered by the appellant. Certainly the jury had a right to believe that the engineer could have and should have done something within this several hundred feet to have further reduced the speed of the train. The train almost missed the truck and the difference of a split-second meant the difference between life and death. This testimony was sufficient upon which to base a charge with reference to the last clear chance.”
The appellee relies upon the opinion of the Supreme Court in Morse Auto Rentals, Inc. v. Kravitz, Fla.1967, 197 So.2d 817, wherein it was held that the last clear chance doctrine would not apply in a situation where the plaintiff and defendant were guilty of mutual inattention. In the case before us, the fireman and engineer were attentive, but did nothing to reduce the speed of the train until it was too late.
The learned trial judge erred in refusing requested charge on the subject of last clear chance doctrine.
We reverse with directions to grant new trial to plaintiff, and upon retrial of the cause, afford plaintiff an instruction concerning last clear chance doctrine.
WALDEN, C. J., concurs.
CROSS, J., dissents, with opinion.